# United States Bankruptcy Court

IN RE:                                                  CASE NO. 07-13110

Lezell & Laquita Jefferey                               , DEBTOR

## ORDER CONFIRMING THE DEBTOR'S PLAN, AWARDING A FEE TO THE DEBTOR'S ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the debtor appeared in person to be examined by creditors and other interested parties, notice of an opportunity for a hearing on objections to confirmation was given, and, if any objections were timely filed, a hearing on same was held pursuant to 11 U.S.C. 1324:

_____

Continuances, if any, were:_____
Other appearances were:_____

The debtor is hereinafter referred to in the masculine singular, even though this be a joint case or if the debtor is female. All references to "Rules" shall be interpreted as referring to the Bankruptcy Rules unless the context indicates otherwise.

At such hearing, the following objections to confirmation of the debtor's plan were considered:


At the hearing, the Court considered the matters presented by the Trustee, counsel for the debtor and by other interested parties, if any, and upon the pleadings and statements of parties and of counsel, and on the evidence presented, the court finds that:

A. Written notice of the meeting of creditors held pursuant to 11, U.S.C. 341 and of this hearing on the confirmation of the plan was given as required by Rule 2002;
B. The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title;
C. Any fee, charges, or other amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation has been paid;
D. The petition has been filed in good faith and not by any means forbidden by law;
E. The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;
F. With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by 1325(a) et seq.
G. If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with 1325(b) et seq.

IT IS ORDERED THAT:

1. The debtor's plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed five years is approved.
2. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee shall order (per Section 542(b)) or request the Court to order [pursuant to Section 1325(c)] any entity from whom the debtor receives income to pay all or any part of such income to the trustee.
3. The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval if practicable, may cause the claim for such debt to be unallowable to the creditor [11 U.S.C. 1305(c)], and the debt to be nondischargeable for the debtor [11 U.S.C. 1328(d)].
4. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

Chapter 13 Confirmation Order, Revised 10/27/2005

5. The trustee shall:
   a. Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [11 U.S.C. 1302(b)(1)]; and
   b. File with the Court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee [Rule 2002(g)]; and
   c. Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties or deposits in the manner prescribed by 11 U.S.C. 345.
6. Pursuant to 11 U.S.C. 1326 the order of payment, unless otherwise directed, shall be:
   a. Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
   b. The percentage fee fixed for the trustee pursuant to Section 1302(e) of said title (or Section 586(e)(1) of Title 28, if applicable);
   c. Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.
7. The Trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by 11 U.S.C. 704(4).
8. The Trustee shall at least once each six months file with the Court a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements [Rule 13-208(5)].
9. Ninety days after the final distribution, the trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 (11 U.S.C. 347 and Rule 3001).

ALLOWANCE OF ATTORNEY'S FEES

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by 11 U.S.C. 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $2,500_____, of which $187____ was paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of such fee ($2313_____) shall be paid by the trustee from the monies received under the debtor's plan, provided, however, that such payments shall be deferred in time to payments, if any, which may be required to provide adequate protection of the interest of the holders of any secured claims.

_____
BANKRUPTCY JUDGE
1/24/2008

Approved:

_____
Attorney for the Debtor

Chapter 13 Confirmation Order, Revised 10/27/2005

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                              CHAPTER 13 NO.:

LEZELL and LAQUITA JEFFERY                                     07-13110

## AFFIDAVIT REQUESTING CONFIRMATION

The Debtor(s), in the above captioned case being duly sworn upon oath, deposes and states as follows: (Check the appropriate box)

1. __X__   I/WE have filed all Federal, State and local tax return required by law to be filed for all taxable periods ending during the 4-year period prior to filing of this bankruptcy.

2. _____   I/WE are not required to file Federal, State and local tax returns.

**By signing this affidavit, I/WE acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on all the truth of each of these statements in determining whether to confirm the Chapter 13 Plan. The Court may revoke confirmation of the Chapter 13 Plan if the statements relied upon are not accurate.**

FURTHER AFFIANT(S) SAYETH NOT:

/S/ _LaQuita Jeffery_
Debtor

/S/ _Lezell Jeffery_
Debtor

Chapter 13 Plan Form, Revised 10/24/2005

## CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
Northern _____ DISTRICT OF MISSISSIPPI     CASE NO. 07-13110

Debtor Lezell Jeffery _____ SS # XXX-XX-6831   Current Monthly Income $ 1480.69
Joint Debtor Laquita Jeffery _____ SS # XXX-XX-7195   Current Monthly Income $ 2107.89
Address 1313 West Sunflower Rd., Apt 118, Cleveland, MS  38732 _____ No. of Dependents 2
Telephone No. _____  TAX REFUNDS AND EIC FOR DISTRIBUTION: 0

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed, and the treatment of all secured / priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**     Total Monthly Plan Payment due: $754
The plan period shall be for a period of 60 _____ months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed, or the recipient of government benefits.

(A) Debtor shall pay $ 174 / week _____ per (monthly / semi-monthly / weekly / bi-weekly) to the Chapter 13 Trustee.
A payroll deduction order will be issued to Debtor's employer @: Faurecia Automotive Seating
2800 Superior Court
Auburn Hills, MI  48326

(B) Joint Debtor shall pay $ _____ per (monthly / semi-monthly / weekly / bi-weekly) to the Chapter 13 Trustee.
A payroll deduction order will be issued to Debtor's employer @: _____

**PRIORITY CREDITORS.** Filed claims that are not disallowed to be paid in full: IRS $ 2700 27.83 @ $ 45 110 /mo
State Tax Commission $ _____ @$ _____ /mo   Other $ 550 _____ @ $ 9.17 /mo

**DOMESTIC SUPPORT OBLIGATIONS (POST PETITION) DUE TO:** n/a

beginning _____ in the amount of $ _____ per month shall be paid:
☐ direct  ☐ through payroll deduction  ☐ through the plan.

**PREPETITION DOMESTIC SUPPORT ARREARAGE CLAIMS DUE TO:** _____

in the amount of $ _____ shall be paid $ _____ per month:
☐ through payroll deduction  ☐ through the plan.

**HOME MORTGAGE(S)**
MTG PMTS TO: NONE _____ BEGINNING _____ @$ _____ ☐ PLAN ☐ DIRECT
MTG PMTS TO: _____ BEGINNING _____ @$ _____ ☐ PLAN ☐ DIRECT
MTG PMTS TO: _____ BEGINNING _____ @$ _____ ☐ PLAN ☐ DIRECT
MTG ARREARS TO: _____ THROUGH _____ $ _____ @$ _____ /MO*
(*Including interest at 0 %)
MTG ARREARS TO: _____ THROUGH _____ $ _____ @$ _____ /MO*
(*Including interest at ___%)
MTG ARREARS TO: _____ THROUGH _____ $ _____ @$ _____ /MO*
(*Including interest at ___%)

Debtor's Initials /l/LJ    Joint Debtor's Initials /l/LJ       CHAPTER 13 PLAN, PAGE 1 OF 2

**SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(i) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt. to be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Intrst. Rate | Total Amt. To Be Paid | Monthly Payment |
|---|---|---|---|---|---|---|
| Bank of Holly Springs | 2003 Nissan Xterra | 4584 4652.75 | 6000 | 12 % | 8118 6292.21 | 103.65 |
| Drive Financial Svcs | 2006 Nissan Altima | 19543 20,013.14 19543 | | 12 % | 27936.23 | 465.60 |
| Aarons | Dryer and Laptop | 800 | 800 | 12 % | 1068 1067.73 | 17.80 |
| Mallette furniture | sofa & loveseat | 800 943.45 | 800 | 12 % | 1259.19 | 20.99 |
| *Tower Loan | household items | 1500 750 500 | | 12 % | 1001.00 | 16.68 |
| *Fidelity National | household items | 800 | 50 | 12 % | 66.78 | 1.11 |
| | | | | % | | |

**SPECIAL CLAIMANTS.** (Co-signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL, DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal to Be Paid |
|---|---|---|---|
| | | | |

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection payments: *Motion to Avoid Lien to be filed on Tower Loan and Fidelity National.
- ALL STUDENT LOANS - NOT BEING PAID DURING BANKRUPTCY, WILL EMERGE FROM BANKRUPTCY STILL OWING THEM
Unsec'd Total on Sched F (115,514.53) - Student Loans (43,126) + Unsecured portion from Tower (910) & Fid. Nat (750) = 74048.53

**UNSECURED DEBTS** totaling approximately $ ~~74,048.53~~ 141,692.01 (Inc student loans) are to be paid in deferred payments to Creditors that have filed claims that are not disallowed: _____ IN FULL or __0__ % (PERCENT) MINIMUM.

Total Attorney Fees Charged $ 2500
Attorney Fees Previously Paid $ 187
Attorney fees to be paid through the plan $ 2313

Pay administrative costs and debtor's attorney fees pursuant to Court Order and/or local rules.

Name/Address/Phone # of Vehicle Insurance Co./Agent

Telephone/Fax _____

Attorney for Debtor (Name/Address/Phone # / Email)
W. Heath Franklin
863 Hwy 1 South
Greenville, MS 38702
Telephone/Fax 662-563-5493 / 662-332-3477
E-mail Address deltabarrister@aol.com

DATE: 09/24/2007    DEBTOR'S SIGNATURE    /s/Lezell Jeffery
JOINT DEBTOR'S SIGNATURE    /s/ Laquita Jeffery
ATTORNEY'S SIGNATURE    /s/W. Heath Franklin